UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) ) Criminal Action No. 1:23-CR-00427-DLF |
| DAN EDWIN WILSON, | ) ) ) |
| Defendant. | ) ) ) |

MOTION TO DISMISS COUNT ONE OF THE INDICTMENT
OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

Comes the defendant, Dan Edwin Wilson, by counsel, and moves the Court to dismiss Count One of the indictment herein [ECF No. 26] or, in the alternative, to stay further proceedings in this action pending the decision of the United States Supreme Court in the case of Joseph W. Fischer v. United States, No. 23-5572.

The undersigned has been requested by the United States to advise the Court that it objects to the granting of these motions.

**Grounds for Dismissal**

Defendant moves the Court to dismiss Count One of the indictment herein on the grounds that the indictment fails to state an offense, in that it fails to allege conduct within the scope of the statute, i.e., the obstruction, impeding, or influencing of an official proceeding through corrupt action with regard to a document, record, or other object.

In United States v. Miller, 589 F.Supp.3d 60 (D.D.C. 2022), District Judge Carl J. Nichols held that 18 U.S.C. §1512(c)(2) "requires that a defendant take some action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence an official proceeding". Id. at 78. Because the §1512(c)(2) charge in the Miller case—as does the §1512(c)(2) charge in Mr. Wilson' case—did not allege that defendant violated §1512(c)(2) by committing obstructive acts related to a document, record, or other object, the Court concluded that it must be dismissed and did so. Id. at 79. Similar §1512(c)(2) charges in two other cases pending before Judge Nichols were also dismissed on the same grounds. United States v. Fischer, No. 1:21-cr-234; United States v. Lang, No.1:21-cr-53. Count One of the indictment herein should be dismissed on the same grounds as in Miller.

## Grounds for Stay

The United States appealed all three dismissals in the Miller, Fischer, and Lang cases to the Court of Appeals for the District of Columbia, which consolidated the three cases and reversed, holding that "corrupt" conduct under the statute applied to all forms of corrupt obstructive conduct, not just corrupt conduct involving "a record, document, or other object" and that "'corrupt' intent exists at least when an obstructive action is independently unlawful". United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023). The Supreme Court granted certiorari in all three cases on the issue of whether the Circuit Court erred in construing the scope of 18 U.S.C. §1512 as including acts unrelated to investigations and

evidence which obstruct congressional inquiries and investigations. Joseph W. Fischer v. United States, No. 23-5572; Edward Jacob Lang v. United States, No. 23-32; and Garret Miller v. United States, No. 23-94.

Accordingly, whether Count One of the indictment herein fails to state an offense against the United States or is otherwise invalid is currently pending before the Supreme Court of the United States, and this case should not proceed until the issue is definitively resolved one way or the other. Defendant stipulates that any period of delay resulting from the stay of this action should be excluded in computing the time within which the trial of the offenses charged herein must commence pursuant to 18 U.S.C. §3161.

## Conclusion

For the foregoing reasons, defendant respectfully requests that the Court dismiss Count One of the indictment herein or, in the alternative, stay these proceedings pending the Supreme Court's ruling in Fischer on the scope of 18 U.S.C. §1512(c)(2).

/s/ Scott T. Wendelsdorf (Ky. Bar. No. 75790)
Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202

(502) 584-0525
Scott_Wendelsdorf@fd.org

Counsel for Defendant.

**CERTIFICATE**

I hereby certify that on February 2, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Scott T. Wendelsdorf