UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA | ) | 23-CR-00427-DLF |
| PLAINTIFF | ) | |
|  | ) | |
| VS. | ) | |
|  | ) | |
| DAN EDWIN WILSON | ) | |
| DEFENDANT | ) | FEBRUARY 7, 2025 |
| _____ | ) | |

### MR. WILSON'S REPLY TO GOVERNMENT'S MEMORANDUM
### REGARDING SCOPE OF PRESIDENTIAL PARDON

By way of a minute order docketed on February 3, 2025, the Court ordered briefing on the following topic: "[W]hy the Court should not order the defendant to self-report to the Bureau of Prisons to serve the remainder of his sentence on firearms offenses, which are unrelated to the defendant's criminal conduct on January 6, 2021."[1]  Mr. Wilson's answer is simple: The Court should

---

[1] Herewith the minute order:

| 02/03/2025 | MINUTE ORDER as to DAN EDWIN WILSON (1). On May 17, 2024, Mr. Wilson pled guilty to Counts 1 and 2 of the Indictment in No. 3:23-cr-3 (W.D. Ky.), which charged him with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2), and Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), & 5871. *See* 56 Plea Agreement. Mr. Wilson also pled guilty to Count 1 of |

1

not issue such an order because it has neither personal jurisdiction over Mr. Wilson nor subject matter jurisdiction over the issue at hand. Simply put, the Court has no authority to act.

The legal landscape in which this issue arises is at once novel and bizarre. Mr. Wilson is among some 1500 persons pardoned by President Donald Trump on his first day in office. The pardon extended to all but 14 individuals convicted

---

the 54 Second Superseding Information, which charged him with Conspiracy to Impede or Injure an Officer, in violation of 18 U.S.C. § 372. *See* 56 Plea Agreement. On August 28, 2024, the Court sentenced Mr. Wilson to a term of imprisonment of 5 years (60 months) on Count 1 of the Second Superseding Information, to run concurrently with Counts 1 and 2 of the Indictment in No. 3-23-cr-3 (W.D. Ky.). *See* 79 Judgment.

Subsequently, on January 20, 2025, the President issued "a full, complete and unconditional pardon to... individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." *See* Granting Pardons And Commutation Of Sentences For Certain Offenses Relating To The Events At Or Near The United States Capitol On January 6, 2021 (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-ornear-the-united-states-capitol-on-january-6-2021/ (last visited Feb. 3, 2025). Thereafter, Mr. Wilson was released from custody by the Bureau of Prisons.

On or before February 6, 2025, the government shall file a brief, with supporting legal authority, that sets forth its position as to why the Court should not order the defendant to self-report to the Federal Bureau of Prisons to serve the remainder of his sentence on the firearms offenses, which are unrelated to the defendant's criminal conduct on January 6, 2021. The defendant shall file any response on or before February 10, 2025. So Ordered by Judge Dabney L. Friedrich on February 3, 2025. (lcdlf2)

(Entered: 02/03/2025)

or charged in connection with their participation in the riot at the Capitol on January 6, 2021. Of the fourteen commuttees, whose sentences were commuted to time served, one individual, Jeremy Bertino, was not even sentenced. Neither is there rhyme nor reason for the distinction between those pardoned and those receiving a commutation: Most of those recurring commutations were convicted of seditious conspiracy, but one, Enrique Tarrio, president of the Proud Boys, enjoyed a full pardon. Some but not all of those receiving commutations were convicted of 18 U.S.C. Section 111, assault on a peace officer. However, many individuals pardoned were convicted of assault. No discernable principled basis exists for who was pardoned and who was not. Consistency of principle is not required in application of the president's pardon power.

    The treatment of those pardoned by the Executive Branch admits of some principled distinctions. The Department of Justice apparently is moving to dismiss every pending appeal by a January 6 defendant, seeking to have the cases of those with pending appeals remanded to the District Court so that the convictions can be vacated, as was Mr. Tarrio's this very day. Those pardonees without a pending appeal are not entitled to a dismissal of their charges. This is apparently because the lack of a case pending before the judicial branch

deprives the Court of jurisdiction to act on their cases. The Justice Department gives the benefit of an eventual dismissal to all appellants, regardless of the merits of their appeal. Those pardoned without appeals pending are not offered the benefit of a pending appeal and cannot obtain a dismissal because the Courts lack authority over them.

Mr. Wilson falls into the class of those pardoned without an appeal pending. As a result, his pardon is limited by the discretion of the Executive Branch. President Trump pardoned Mr. Wilson. The warden of his facility, a member of the Executive Branch, released Mr. Wilson from prison on authority of that pardon; thereafter, the warden apparently concluded he erred. Efforts by the undersigned to reach the warden, or the FBI, or anyone who can speak for the warden, have thus far been unavailing. The undersigned filed a request for an order staying any potential order requiring Mr. Wilson to return as a means of preventing Mr. Wilson from being taken into custody unlawfully.

As of this moment, there is no case or controversy pending before the Court, thus depriving it of subject matter jurisdiction. Counsel's motion for a stay of any order to require him to report was not a waiver of personal jurisdiction, and, if so, is expressly NOT waived. The executive branch has

pardoned him and set him free. Just how they go about regaining lawful custody of him is an issue the likes of which the undersigned has not yet confronted. He has found no reported decisions on point.

One wishes President Trump would see the virtue of consistency in the clemency process, and issue orders that treated similarly situated persons similarly. That would require extending pardons to those who received commutations and seeking a means of eliminating the tortured anomaly presented by Mr. Wilson's case.

For present purposes, Mr. Wilson, who is no longer a defendant and who has no case pending before this Court, urges the Court to refrain from further action.

**DEFENDANT, DAN EDWIN WILSON**

**By    /s/    Norman A. Pattis, Esq.**
Norman A. Pattis, Esq.
Pattis & Paz, LLC
383 Orange St., 1st Floor
New Haven, CT  06511
Phone:       (203) 393-3017
Fax:           (203) 393-9745
Email:        npattis@pattispazlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                              /s/     **Norman A. Pattis, Esq.**