# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-cr-427 (DLF)** |
| | ) | **24-cr-238 (DLF)** |
| **DAN EDWIN WILSON,** | ) | |
| **Defendant** | ) | |
| _____/ | | |

## DEFENDANT WILSON'S UNOPPOSED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The Movant, **DAN EDWIN WILSON**, seeks relief pursuant to 28 U.S.C. Section 2255. The government does not oppose this motion.

In support hereof, the undersigned represents as follows:

1. On May 20, 2024, Wilson pleaded guilty to charges related to the events of January 6, 2021, at the U.S. Capitol. Count One of the Second Superseding Information filed herein (ECF 54), charged a conspiracy to obstruct or impede officers "between on or about December 22, 2020 and January 6, 2021, within the District of Columbia and elsewhere," and Count One and Two of an Indictment returned in the Western District of Kentucky (24cr238), which alleged offenses concerning firearms which were discovered pursuant to a search warrant seeking evidence pertaining to January 6, 2021.

2.  The Indictment from the Western District of Kentucky was transferred pursuant to Rule 20, Federal Rules of Criminal Procedure, and both cases were consolidated for disposition in this District before this Court.

3.  On August 28, 2024, this Court imposed a sentence of sixty (60) months for the January 6 conviction and sixty (60) months imprisonment for the firearms convictions, both sentences to run concurrently.  Judgment was entered on September 17, 2024. (ECF 79).

4.  On January 20, 2025, the Defendant, DAN WILSON, was pardoned by President Donald J. Trump for ***any convictions arising from or related to*** the events at the Capitol on January 6, 2021.  This includes the Indictment from the Western District of Kentucky that arose from the January 6 search warrant.

5.  The search warrant which led to his arrest for firearms possession was issued with probable cause to believe agents would find evidence linking him to January 6.

6.  But for the events of January 6, the agents would never have obtained legal justification or excuse to enter his home.

7.  The Bureau of Prisons rightfully released Mr. Wilson from prison pursuant to the pardon on or about January 21, 2025.

8.   The prison has since sought the Defendant's return to custody and this Court

has ordered the Defendant to comply with any order requiring him to surrender to prison to serve the sentence on the firearms conviction.

9.  The Government now takes the position, as they have with other January 6 defendants similarly situated, that Mr. Wilson, has been pardoned for the firearms offenses because those offenses indeed are covered by the presidential pardon.

10.  In *United States v. Daniel Ball*, Case No: 24-cr-00097-TPB (Middle District of Florida), the United States moved to dismiss with prejudice the Indictment of a January 6 defendant where a firearm and ammunition were discovered in his home which was searched pursuant to a warrant based upon probable cause regarding the Defendant's involvement in the events of January 6.  (ECF 41).  The Court dismissed the Indictment.  The facts of Mr. Wilson's case are virtually identical to this case.

11. The continued incarceration of a pardoned defendant is a violation of his right to substantive and procedural due process as guaranteed by the Fifth Amendment to the United States Constitution.  Considering the President's "blanket" pardon, this Court lacks jurisdiction to impose and/or enforce any sentence previously imposed upon this pardoned defendant.  The issuance of a pardon is akin to newly discovered evidence which would warrant the vacatur of the instant judgment and sentence in that it was not possible to know at the time of sentencing that a presidential pardon

would be issued covering the defendant's conduct. The continued judgment and sentence of the Defendant under these circumstances constitutes fundamental error.

WHERFORE, the Movant, requests that the judgment and sentence imposed herein be vacated and/or set aside.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for Dan Edwin Wilson
Bar No:  FL0108
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com
By:/s/ *George T. Pallas*
GEORGE T. PALLAS, ESQ.

NORMAN A. PATTIS, P.A.
Bar No.: CT0013
383 Orange Street, 1st Floor
New Haven, CT 06511
203-393-3017
203-393-9745 FAX
info@pattislaw.com
By:/s/ *Norman Pattis, Esq.*
NORMAN A. PATTIS, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

By:/s/ _George T. Pallas_____